TAYLOR, J.
(dissenting). I agree with part I of Justice CAVANAGH’s dissent. I write separately to emphasize my concern that the majority’s opinion makes an aider and abettor in virtually any gun-related crime guilty of felony-firearm. Yet, the plain language of the statute only makes an aider and abettor guilty of felony-firearm if his aiding and abetting is directed toward the carrying or possession of the firearm.[1] That is the reading we should give the statute.
Under the Fourteenth Amendment to the United States Constitution, it is required that no individual be *81 forced to speculate, at peril of indictment, whether his conduct is prohibited. Dunn v United States, 442 US 100, 112; 99 S Ct 2190; 60 L Ed 2d 743 (1979). This is an exercise of the rule of lenity,[2] which should control the resolution of this case and cause us to conclude that all the felony-firearm statute criminalizes is aiding and abetting the carrying or possessing of a firearm, nothing more.[3]

 MCL 750.227b(l), the statute we are interpreting, relates to the carrying or possessing a firearm when committing or attempting to commit a felony, and states the following:
A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall he imprisoned for 2 years.

 The propriety of the rule of lenity was recently reaffirmed by the Supreme Court in United States v Granderson, 511 US 39, 54; 114 S Ct 1259; 127 L Ed 2d 611 (1994).

 I recognize that MCL 750.2 provides that “The rule that a penal statute is to be strictly construed shall not apply to this act or any of the provisions thereof. ” It is, of course, a fundamental axiom of American law, rooted in our history as a people and requiring no citations to authority, that the requirements of the Constitution prevail over a statute in the event of a conflict.